## Fisher *versus* Redsecker.

1. A testator declaring in his will that he had given to each of *several* of his children named, property equal in value to $1000, bequeathed to his son Abraham a house and lot of ground charged with the payment of $500 to the testator's daughter Elizabeth; and he gave to his said daughter a house and lot at the sum of $500, which, together with the $500 to be paid by Abraham, made up the sum of $1000:

In a subsequent clause of his will he directed, that in case of the death of any of his children without leaving issue, their share or parts of his real and personal estate should revert and become a part of the residue and remainder of his estate. In a subsequent part of his will he provided, " as touching all the residue and remainder of my estate, of whatever kind or nature soever the same may be, I give and devise of the same unto my said nine children hereinbefore named, or the survivor or survivors of them. My express will and meaning is that my said nine children, or the survivor of them, shall have each equal shares of my real and personal estate."

It was *held*, that Elizabeth was entitled to the payment *absolutely* of the $500 payable by Abraham, and that security for its payment after her death without issue should not be required. The case does not fall within the letter or spirit of the 49th section of the Act of 24th February, 1834, relating to executors and administrators. The clause as to reversion may apply to all the estate disposed of by the will except the parts granted as an equivalent for advancements to others, or for services done to the testator.

2. The legacy in question, though sued for in the name of the husband and wife, belongs to the wife for her exclusive benefit, and is payable to herself or to a trustee for her appointed at her instance.

[Fisher *v.* Redsecker.]

3. The costs of the suit directed to be paid by the devisee of the land on which the legacy was charged.

ERROR to the Common Pleas of *Lancaster county*.

This was an amicable action by Philip Fisher and Elizabeth his wife, against Abraham Redsecker, entered to April Term, 1852.

George Redsecker, in his will dated 16th May, 1838, declared that he had given to each of several of his children property equal in value to $1000; and in order that his daughter Elizabeth and his son Abraham should have property to a like amount, he bequeathed to Abraham a house and lot of ground, to him, his heirs and assigns for ever, he or they paying thereout unto his daughter Elizabeth the sum of $500, in four equal annual payments, &c. He also bequeathed to Elizabeth a house and lot of ground, to her, and her heirs and assigns for ever, at and for the sum of $500, which, together with the $500 to be paid by Abraham, makes the sum of $1000. The said sum of $500 was to be a lien on the house and lot willed to him until it was satisfied.

In a subsequent part of his will he directed that in case of the death of any of his children named, without leaving issue, their share or parts of his real and personal estate shall revert and become a part of the residue and remainder of his estate. He further directed: " And, as touching all the residue and remainder of my estate, of whatever kind or nature soever the same may be, I give and devise of the same unto my said nine children hereinbefore named, or the survivor or survivors of them; my express will and meaning is that my said nine children, or the survivor or survivors of them, shall have each equal shares of my real and personal estate."

Elizabeth was married to Philip Fisher. She was born in 1797, and was at the time of the stating of the case in the 55th year of her age, and had no children.

The question submitted was, whether the $500 was payable to Elizabeth Fisher, without security being given for its repayment after her death, to the legatees named in the will. If the Court were of opinion that it was payable without security, or the intervention of a trustee, then judgment to be entered for the plaintiff. If otherwise, then for the plaintiff in such manner and *upon such conditions* as the Court may determine.

The 49th section of the Act of 24th February, 1834, relating to executors and administrators, provides that, whenever personal property is bequeathed to any person for life, or for a term of years, or for any other limited period, or upon a condition or contingency, the executor of such will shall not be compelled to pay or deliver the property so bequeathed to the person entitled, until security be given in the Orphans' Court having jurisdiction of his accounts, in such sum and form as in the judgment of such Court shall suffi-

[Fisher v. Redsecker.]

ciently secure the interest of the person entitled in remainder, whenever the same shall accrue or vest in possession.

Long, J., decided that though the 49th section of the Act before recited, did not in terms apply to the case, yet, in accordance with its spirit, and decisions in analogous cases, referring to 9 *Ser. & R.* 409, King's Administrators *v.* Diehl, he directed judgment for the plaintiff, execution to be stayed till security be given to the satisfaction of the Court for the performance of the conditions mentioned in the said clause of the will, upon the death of Elizabeth Fisher without leaving issue.

The case was argued by *Mathiot* and *Fordney,* for plaintiff in error.—The terms of the will indicate the intention of the testator to give to his daughter Elizabeth the sum in dispute, absolutely and without condition or restriction. The last clause of the will declares the will of the testator to be that his children shall have equal shares, which intention will not be carried out if the decision of the Court below is sustained. The Act of 24th February, 1834, does not apply to this case.

*Ford,* contrà.—This was a vested legacy in the legatees in remainder or those entitled to the residue of the estate in the event of the death of Elizabeth without issue: 6 *Ser. & R.* 29, King *v.* Diehl. In two inconsistent clauses in a will the latter shall stand: 2 *Bla. Com.* 379.

The opinion of the Court, filed September 13, was delivered by

Lowrie, J.—The Act of Assembly requires that legacies, granted to a person for life or upon a condition or contingency, shall not be paid by " the executor" until proper security is given ; and the learned judge of the Court below was certainly right in regarding legacies payable by a devisee, and charged upon his land, as coming within the spirit of the law, if the case is within its equity. The statute, however, was not designed to change or defeat the intention of the testator, but as a rule to interpret that intention, founded on the presumption that he would not have left the legacy in danger in the hands of the first legatee, if his mind had adverted to that point. A case not falling within the letter of the statute, cannot therefore be treated as within its equity, if it is most probable that the testator, had the question been presented to his mind, would have declared that the legacy should be paid without security. And such is this case.

The testator declares that he had already advanced seven of his children to the amount of $1000 each, and that he now makes this legacy to Elizabeth, the plaintiff, for the purpose of putting her on an equality with them; and throughout his will he declares the same intention of equality, and thus the legacy to Elizabeth

[*Fisher v.* Redseckcr.]

is an absolute one. But in an addition to his will he declares, that if any of his children should die without leaving issue, their shares should revert to his estate; and this clause creates the difficulty. There is, however, other real and personal property to which this can apply. It can apply, with perfect equality of principle, to all his estate which is disposed of by his will, except the parts granted as an equivalent for advancements made to others or for services done. But if it be applied to that which some received by will in order to make them equal to those who had been advanced, then equality is destroyed; for the latter have an absolute, and the former only a qualified, estate; and we make him do inequality while he is declaring that equality is his purpose. This legacy granted to Elizabeth, and to be paid by a devisee in order to put her on an equality with others who had been unconditionally advanced, does not fall within either the letter or spirit of the Act of Assembly. The Court below, therefore, should not have required security to be given before enforcing the payment of it.

According to our law, this legacy, though sued for in the name of the husband and wife, belongs to the wife for her exclusive benefit; and the decree must be framed so as to let her have it herself, or to give it to a trustee for her.

DECREE. Sept. 9, 1852. This cause came on to be heard on an appeal from the Orphans' Court of Lancaster county, and was argued by counsel; and now, upon consideration thereof, it is ordered, adjudged, and decreed, that the decree of the said Orphans' Court be and the same is hereby reversed. And this Court thereupon proceeding to pass such decree in the cause as the said Orphans' Court ought to have passed, does hereby order, adjudge, and decree that the said Abraham Redsecker do pay unto the said Elizabeth Fisher, for her own exclusive benefit, or to her counsel for her, the sum of $500, with lawful interest, from the 1st day of April last past, unless before the payment thereof the said Elizabeth shall procure the appointment of a trustee to take the charge and custody thereof for her exclusive benefit; in which case the said money shall be paid to the said trustee, or his counsel or attorney, for the exclusive benefit of the said Elizabeth. And it is further ordered, adjudged, and decreed, that the said Abraham Redsecker, the defendant, do pay unto the petitioners, or their attorney, their costs of suit.